[No. D006810. Fourth Dist., Div. One. Aug. 19, 1988.]

JOHN MANOS, Plaintiff and Appellant, v.
GERALD N. DEGEN et al., Defendants and Respondents.

COUNSEL

James H. Miller for Plaintiff and Appellant.

Richard E. Gattis and Timothy P. Kindelan for Defendants and Respondents.

OPINION

KREMER, P. J.—Plaintiff John Manos appeals an order granting defendant Bank of Coronado's (Bank) motion for summary adjudication of issues on Manos's complaint for enforcement of stop notice. Manos contends the court should have enforced his stop notice to the extent it was bonded under Civil Code[1] section 3083. We affirm the order.

I

In July 1983 the Bank made a $679,000 construction loan to Bancroft Associates, secured by a trust deed on real property in Spring Valley.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

Bancroft Associates obtained the loan to develop the property into a 14-unit apartment building.

In August 1984 Manos subcontracted with Bancroft Associates and its general contractor Degen Development to provide labor and materials for the project. In September 1984 Manos and Degen modified the agreement. Manos provided labor and materials under the modified agreement until Degen's failure to pay the ongoing costs of Manos's work prevented further performance by Manos. In October 1984 Manos recorded a mechanics' lien against the property in the amount of $82,423.16. In December 1984 Manos served a stop notice on the Bank and a bond in the sum of $41,000 naming Degen as the assured. The stop notice demanded the Bank withhold .$41,000 from the loan fund to pay Manos's claim and stated a bond in the penal sum of 125 percent of the amount of the claim was delivered with the notice. The Bank did not withhold any funds.[2]

## II

In January 1985 Manos sued the Bank, Bancroft Associates and Degen asserting causes of action for foreclosure of mechanics' lien, conspiracy, and enforcement of the stop notice.

In December 1986 the Bank sought summary adjudication of issues relating to the foreclosure of the mechanics' lien and enforcement of the stop notice. Responding to the Bank's motion, Manos conceded the mechanics' lien was extinguished when the Bank foreclosed on the property. However, Manos asserted rights under the stop notice to the extent it was bonded. After hearing, the court granted the Bank's motion for summary adjudication, holding Manos's failure to comply with statutory provisions governing stop notices barred enforcement of the notice. Manos appeals.

## III

Manos contends the superior court erred in rejecting his assertion the Bank was required to withhold $32,800 as the bonded portion of his stop notice claim. We disagree. Manos's contention is without support in statutory or decisional authority.[3]

Stop notices are governed exclusively by statute. (§ 3264.) Manos has failed to establish substantial compliance with the statutory requirements for asserting a claim against the Bank's construction fund.

---

[2] Later the Bank foreclosed on the property after Bancroft Associates defaulted on the loan.

[3] We also note the record contains no suggestion Manos at any time asked the Bank to withhold only $32,800 from the construction loan funds. Further, Manos did not name the Bank as an assured on the bond but instead named only Degen.

Section 3264 provides: "The rights of all persons furnishing labor, services, equipment, or materials for any work of improvement, with respect to any fund for payment of construction costs, are governed exclusively by Chapters 3 (conmencing with Section 3156) and 4 (commencing with Section 3179) of this title, and no person may assert any legal or equitable right with respect to such fund, other than a right created by direct written contract between such person and the person holding the fund, except pursuant to the provisions of such chapters."

■ The policy behind section 3264 is to relieve lenders from "the expense and risk of policing the ultimate distribution of construction funds" by abolishing the subcontractor's old nonstatutory judicially developed equitable lien remedy. (*Boyd & Lovesee Lumber Co.* v. *Western Pacific Financial Corp.* (1975) 44 Cal.App.3d 460, 465 [118 Cal.Rptr. 699], cited with approval in *Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, 827, fn. 25 [132 Cal.Rptr. 477, 553 P.2d 637].)

Section 3162 provides in relevant part: "Upon receipt of a stop notice pursuant to Section 3159, the construction lender may, and upon receipt of a bonded stop notice the construction lender shall, withhold from the borrower or other person to whom it or the owner may be obligated to make payments or advancement out of the construction fund, sufficient money to answer such claim . . . ."

Section 3083 defines "bonded stop notice" in relevant part as ". . . a stop notice, given to any construction lender, accompanied by a bond with good and sufficient sureties in a penal sum equal to 1¼ times the amount of such claim . . . ."

■ "Unlike the owner, the lender may disregard an unbonded stop notice (*Miller* v. *Mountain View Sav. & L. Assn.* (1965) 238 Cal.App.2d 644, 661 [48 Cal.Rptr. 278] . . .), but upon receipt of a notice accompanied by a bond equal to one and one-fourth times the amount of claims (§ 3083) the lender must withhold from the unexpended balance of the loan fund a sum sufficient to pay the claim. (§ 3162.)" (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 809.)

We read section 3162 as requiring a lender to withhold funds only if the stop notice is accompanied by a bond in the sum of one and one-fourth times the amount of the stop notice claim. Nothing in section 3162 suggests the lender must withhold a proportion of the amount claimed in the stop notice when a bond is provided in an amount less than one and one-fourth times the stop notice claim. Manos's contention the Bank had a duty to withhold a proportionate $32,800 from the loan funds upon his providing a

$41,000 bond on his $41,000 stop notice claim is at most an appeal to equity. The Legislature has stated its disfavor with judicially created equitable remedies against construction loan funds. (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 827, fn. 25.) Because Manos's stop notice was not accompanied by a bond in the statutorily required amount, the Bank was not required under section 3162 to withhold any funds.[4]

The superior court properly granted the Bank's motion for summary adjudication of issues.

### DISPOSITION

The judgment is affirmed.

Work, J., and Woodworth, J.,* concurred.

---

[4] Attorney practice manuals are instructive to the practitioner on this issue.

"The construction lender should take the following steps when served with a stop notice: . . . [¶] (b) Determine whether the notice is accompanied by the proper bond. The lender can disregard a stop notice that is not accompanied by a bond equal to one and one-fourth times the amount of the claim (CC §§ 3083, 3162)." (Cal. Mechanics' Liens and Other Remedies (Cont.Ed.Bar 1988) § 6.15, p. 280.)

"Any claimant other than the contractor may file a stop notice with the construction lender. CC § 3159. The person given the notice may withhold funds to answer the claim but is under no duty to do so unless a sufficient bond in a sum equal to one-and-one-quarter times the amount of the claim (referred to as a bonded stop notice) is filed with him by the claimant. CC § 3083. . . .[¶] [T]he custodian of the construction funds may be compelled to withhold funds to meet a stop notice claim if the claimant furnishes the prescribed bond . . . ." (2 Bowman, Ogden's Revised Cal. Real Property Law (Cont.Ed.Bar 1975) § 20.23, p. 1034.)

* Assigned by the Chairperson of the Judicial Council.